## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA MIAMI
## DIVISION

JEAN VELEZ,

          Plaintiff,

vs.                                Case No. 1:26-cv-22871-LMR

THE TJX COMPANIES, INC.,

          Defendant.

_____/

FILED BY _____ D.C.

JUN 01 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS

Plaintiff Jean Velez, proceeding pro se, respectfully files this Opposition to Defendant's Partial Motion to Dismiss and states as follows:

## I.  INTRODUCTION

Defendant's motion seeks dismissal of Count I and the discrimination portion of Count IV of Plaintiff's Complaint. Importantly, Defendant does not seek dismissal of Plaintiff's retaliation claims under Counts II and III.

At its core, this case concerns Plaintiff's opposition to what he reasonably believed to be age-based and disability-related discrimination affecting employees under his supervision, followed by disciplinary action, transfer, and termination.

At the motion-to-dismiss stage, the Court must accept Plaintiff's factual allegations as true and determine only whether the Complaint states plausible claims for relief. Plaintiff respectfully submits that it does.

## II.  LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint need only contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.

*Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).*

In evaluating a motion to dismiss, the Court must accept the factual allegations as true and construe them in the light most favorable to the plaintiff.

*Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007).*

Because Plaintiff proceeds without counsel, his pleadings must be liberally construed.

*Erickson v. Pardus, 551 U.S. 89, 94 (2007); Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).*

## III.  ARGUMENT

## A.  THE COMPLAINT PLAUSIBLY ALLEGES PROTECTED ACTIVITY.

The Complaint alleges that Plaintiff opposed what he reasonably believed to be age discrimination against older Assistant Store Managers and disability-related discrimination affecting an Assistant Manager with medical limitations.

The Complaint further alleges that Plaintiff communicated those concerns through Defendant's internal reporting channels, including Human Resources and senior leadership.

Opposition to practices reasonably believed to be unlawful discrimination constitutes protected activity under the anti-retaliation provisions of the ADEA, ADA, and FCRA.

At this stage, those factual allegations must be accepted as true.

## B.  THE COMPLAINT PLAUSIBLY ALLEGES EMPLOYER KNOWLEDGE.

The Complaint alleges that Plaintiff communicated his concerns directly to management and Human Resources.

Because Plaintiff alleges that Defendant was informed of his concerns before the adverse employment actions occurred, the Complaint sufficiently alleges employer knowledge of protected activity.

Whether Defendant disputes Plaintiff's characterization of those communications presents a factual issue that cannot be resolved on a Rule 12(b)(6) motion.

## C.  THE COMPLAINT PLAUSIBLY ALLEGES ADVERSE EMPLOYMENT ACTIONS.

The Complaint alleges that after engaging in protected activity, Plaintiff was subjected to increased scrutiny, micromanagement, restrictions affecting his communication and decision-making authority, disciplinary action, transfer, and ultimately termination.

Termination constitutes an adverse employment action as a matter of law.

Accordingly, Plaintiff has adequately alleged the adverse-action element.

## D.  THE COMPLAINT PLAUSIBLY ALLEGES CAUSATION.

The Complaint alleges a sequence of events in which Plaintiff engaged in protected activity and thereafter experienced escalating disciplinary measures, transfer, and termination.

The Eleventh Circuit recognizes that close temporal proximity between protected activity and an adverse employment action is sufficient circumstantial evidence of a causal connection for purposes of a prima facie case. *Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004). The Court

has held that "a period as much as one month between the protected expression and the adverse action is not too protracted." *Id.*

Here, the Complaint alleges that Plaintiff engaged in protected activity on or about April 4, 2023 and received the first Written Warning of his four-year career on April 28, 2023 — a period of approximately three weeks. That proximity, combined with the escalating sequence of discipline, transfer, and termination that followed, plausibly alleges causation.

At the pleading stage, Plaintiff is not required to prove causation. He must only plausibly allege it. The Complaint does so.

## E.  DEFENDANT'S MOTION IS DIRECTED ONLY TO CERTAIN CLAIMS.

Defendant's motion challenges certain discrimination claims but does not seek dismissal of Plaintiff's retaliation claims under Counts II and III, which remain independently viable causes of action.

Plaintiff's EEOC Charge expressly alleged retaliation arising from his opposition to age and disability discrimination. The Charge stated:

> *"I was subjected to retaliation and discharge after opposing age and disability discrimination."*

The federal Complaint expands upon and clarifies those allegations.

The Eleventh Circuit has repeatedly held that judicial claims may "amplify, clarify, or more clearly focus" allegations raised before the EEOC.

> *Gregory v. Georgia Department of Human Resources, 355 F.3d 1277, 1280 (11th Cir. 2004).*

Accordingly, Plaintiff's retaliation claims are properly before this Court.

**F.  DEFENDANT'S MOTION SEEKS RESOLUTION OF FACTUAL DISPUTES NOT PROPERLY DECIDED ON A MOTION TO DISMISS.**

Many of Defendant's arguments depend upon accepting Defendant's version of disputed events rather than Plaintiff's allegations.

The Court's role at this stage is not to weigh evidence, determine credibility, or decide which party's version of events is correct. The Court must determine whether Plaintiff has alleged sufficient facts to state plausible claims for relief.

Because the Complaint alleges protected activity, employer knowledge, adverse action, and causation, dismissal is inappropriate.

## IV. CONCLUSION

Accepting Plaintiff's allegations as true and construing them in the light most favorable to Plaintiff, the Complaint plausibly alleges claims upon which relief may be granted.

Defendant's motion primarily raises factual disputes that are more appropriately addressed through discovery and, if necessary, summary judgment.

To the extent the Court determines that any portion of the Complaint is deficient, Plaintiff respectfully requests leave to amend pursuant to Federal Rule of Civil Procedure 15(a)(2).

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Partial Motion to Dismiss and grant such other relief as the Court deems just and proper.

Respectfully submitted,

Jean Velez, Plaintiff, Pro Se
1146 NW 7th Court, Apt. 602
Miami, Florida 33136
Telephone: (305) 923-8906
Email: jeanvelez@myyahoo.com
Dated: June 1, 2026

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 1, 2026, I personally filed the foregoing Plaintiff's Opposition to Defendant's Partial Motion to Dismiss with the Clerk of the United States District Court for the Southern District of Florida, Wilkie D. Ferguson Jr. United States Courthouse, 400 N. Miami Avenue, Room 8N09, Miami, Florida 33128.

I further certify that I caused a true and correct copy of the foregoing to be served upon counsel for Defendant by depositing the same in the United States Mail, via certified mail, postage prepaid, addressed as follows:

Alexandre S. Drummond, Esq.

Florida Bar No. 038307

SEYFARTH SHAW LLP

1075 Peachtree Street N.E., Suite 2500

Atlanta, Georgia 30309

Counsel for Defendant The TJX Companies, Inc.

**Jean Velez**, Plaintiff, Pro Se