**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.  26-CV-22871-LMR**

JEAN VELEZ,

          Plaintiff,

    v.

THE TJX COMPANIES, INC.,

          Defendant.

**DEFENDANT'S REPLY IN SUPPORT OF PARTIAL**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant The TJX Companies, Inc. ("TJX" or "Defendant") submits this reply in further support of its Partial Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law (Doc. 8, Defendant's "Motion"). Plaintiff's Opposition to Defendant's Partial Motion to Dismiss (Doc. 10, Plaintiff's "Opposition") fails to meaningfully engage—let alone rebut—the arguments raised by Defendant. The Motion seeks dismissal of Plaintiff's *discrimination* claims. However, Plaintiff focuses almost entirely on explaining how his Complaint states a claim for *retaliation*, which is not subject to Defendant's Motion. The Opposition also fails to address that Plaintiff is not within the protected category for age and that the Complaint makes no allegations that he is a qualified individual to pursue disability discrimination claims. Nor can Plaintiff's discrimination claims grow out of his Charge of Discrimination ("Charge") filed with the Equal Opportunity Employment Commission ("EEOC"). (Doc. 8-1.) Thus, Defendant respectfully requests this Court dismiss Count I and the discrimination allegations in Count IV of the Complaint (Plaintiff's "Discrimination Claims") with prejudice.

I.   **PLAINTIFF'S OPPOSITION FAILS TO ADDRESS DEFENDANT'S ARGUMENTS REGARDING THE DISCRIMINATION CLAIMS**

Plaintiff's Opposition fails to address that he is barred from pursuing the Discrimination Claims because they were not timely exhausted in his Charge. Plaintiff's Complaint alleges discrimination and retaliation under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq ("ADEA"), the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), and the Florida Civil Rights Act ("FCRA"). (Doc. 1.) Count I asserts a claim for age discrimination under the ADEA; Counts II and III assert claims for retaliation under the ADEA and ADA, respectively; and Count IV asserts a claim that Defendant "violated [the FCRA] through retaliation and discrimination." (*Id.*) Defendant moved to dismiss the Discrimination Claims because Plaintiff's Charge does not include that he was pursuing any personal discrimination claims. In response, Plaintiff argues his Complaint plausibly alleges the elements of his retaliation claims. (Doc. 10 at 2-4.) The retaliation claims are not at issue. Thus, Plaintiff's response appears not to oppose Defendant's arguments to dismiss the Discrimination Claims and those claims should therefore be dismissed.[1]

II.   **THE DISCRIMINATION CLAIMS IN THE COMPLAINT CANNOT GROW OUT OF PLAINTIFF'S CHARGE**

Plaintiff argues his "Complaint expands upon and clarifies" the allegations in his Charge as a basis for concluding that his "*retaliation* claims are properly before this Court." (Doc. 10 at 4 (emphasis added).) Again, he does not include any argument related to his Discrimination Claims. However, to the extent the Court construes this argument to encompass Plaintiff's Discrimination Claims, it is one step too far for Plaintiff to assert that personal discrimination claims grew out of the retaliation allegations in his Charge. "Given the importance of the exhaustion requirement, a

---

[1] Further, the Opposition does not address whether Plaintiff was a member of a protected class or a qualified individual to pursue disability discrimination claims under the ADEA and FCRA.

plaintiff's civil complaint under Title VII 'is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" *Ortiz v. Waste Mgmt., Inc. of Fla.*, 808 F. App'x 1010, 1014 (11th Cir. 2020) (citing *Gregory v. Georgia Dep't of Hum. Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004)). While it is true that judicial claims that merely "amplify, clarify, or more clearly focus" the allegations in a charge are permissible, Plaintiff's Complaint may not assert allegations of new acts of discrimination. *Id.* Plaintiff's Charge alleges that he was retaliated against because he allegedly complained about discrimination against other individuals. (Doc. 8-1 at 2-3.) Nowhere does Plaintiff include that he was the subject of discrimination based on his age, disability, or any other protected characteristic. Thus, Plaintiff's personal Discrimination Claims in the Complaint cannot logically expand upon, clarify, or grow out of the allegations in the Charge because there are simply no comparable discrimination allegations in the Charge to start with.

Plaintiff's citation to *Gregory* (Doc. 10 at 4) is factually distinguishable from this case. In *Gregory*, the 11th Circuit held that a former employee's retaliation claim was not barred by her failure to mark the retaliation space on her EEOC charge in which she claimed she was terminated because of her race and sex. (*Gregory*, 355 F.3d at 1280.) The 11th Circuit found that the facts alleged in Gregory's EEOC charge could have reasonably extended to encompass a claim for retaliation because they were intertwined with her complaints of race and sex discrimination after she herself was subjected to certain allegedly discriminatory acts. (*Id.*) Unlike the plaintiff in *Gregory*, Plaintiff is essentially asking this Court to make an apples-to-oranges comparison: *Personal* discrimination claims cannot grow out of retaliation allegations referencing discrimination against *others*. Because Plaintiff's Complaint alleges new acts of discrimination not tied to any allegations in the Charge, those claims must be dismissed. *See Spence v. Miami-*

*Dade Cty.*, No. 16-22811-Civ, 2016 U.S. Dist. LEXIS 149167, at \*12 (S.D. Fla. Oct. 26, 2016) (noting plaintiff's reliance on *Gregory* "missed the mark" and finding plaintiff's failure to allege the denial of a job promotion as a part of her EEOC claims was a new act of discrimination that cannot serve as the basis for her claim); *Green v. Elixir Indus., Inc.*, 152 F. App'x 838, 340-41 (11th Cir. 2005) (finding *Gregory* "inapposite" to plaintiff's argument and concluding that facts alleged in plaintiff's EEOC charge did not encompass a hostile work environment claim since nothing in the charge related to incidents of harassment). Indeed, the Eleventh Circuit has held that a charge of discrimination focusing on retaliation that does not reference claims of personal discriminatory acts cannot form the basis for a later discrimination claim. *Ortiz, 808 F. App'x at 1014*; *see also*, *Chanda v. Engelhard/ICC*, 234 F.3d 1219, 1225 (11th Cir. 2000) (holding hat a reasonable investigation based on plaintiff's EEOC charge -- which mentioned only discrimination and retaliation based on disability, not national origin -- would not have encompassed retaliation based on complaints about national origin discrimination).

## **CONCLUSION**

For the reasons set forth above, the Court should grant TJX's Partial Motion to Dismiss Plaintiff's Discrimination Claims with prejudice.

DATED: June 8, 2026

Respectfully submitted,

SEYFARTH SHAW LLP


By: */s/ Alexandre S. Drummond*

Alexandre S. Drummond
Florida Bar No. 038307
SEYFARTH SHAW LLP
1075 Peachtree Street N.E., Suite 2500
Atlanta, Georgia  30309
Telephone:  (404) 885-1500
Facsimile:  (404) 892-7056
Email:  adrummond@seyfarth.com

*Counsel for Defendant*
*The TJX Companies, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.  26-CV-22871-LMR**

JEAN VELEZ,

       Plaintiff,

  v.

THE TJX COMPANIES, INC.,

       Defendant.

**CERTIFICATE OF SERVICE**

I hereby certify that on June 8, 2026, I electronically filed ***DEFENDANT'S REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT*** using the CM/ECF system. I also certify that I mailed copies of the document by the United States Postal Service to the following individual:

Jean Velez
*Pro Se* Plaintiff
1146 NW 7th Ct, Apt 602
Miami, FL 33136

*/s/ Alexandre S. Drummond*
Alexandre S. Drummond
*Attorney for Defendant*
*The TJX Companies, Inc.*